CV-#05-2584 ADM (JSM)

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ADC TELECOMMUNICATIONS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMSCOPE SOLUTIONS ) <br> PROPERTIES, LLC and COMMSCOPE ) <br> SOLUTIONS, INC. ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. _____ <br><br> Judge: _____ <br> Mag. Judge: _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

This is a complaint for patent infringement and declaratory judgment. Plaintiff, ADC Telecommunications, Inc., for its Complaint, states as follows:

### The Parties

1. Plaintiff, ADC Telecommunications, Inc. ("ADC"), is a corporation organized and existing under the laws of Minnesota and has a principal place of business at 13625 Technology Drive, Eden Prairie, Minnesota 55344.

2. Upon information and belief, Defendant CommScope Solutions Properties, LLC ("CSP") is a Nevada corporation having a principal place of business at 1285 Southern Way, Sparks, Nevada. Defendant CommScope Solutions, Inc. ("CS") is a Delaware corporation having a principal place of business at 1100 CommScope Place, SE, Hickory, North Carolina 28602.

SCANNED
NOV - 7 2005
U.S. DISTRICT COURT MPLS

## Jurisdiction

3. This action includes counts for patent infringement under the patent laws of the United States. 35 U.S.C. § 271 et seq. This action also includes counts seeking declaratory judgment relief under 28 U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

## Count I
### Claim for Patent Infringement of U.S. Patent No. 6,120,330

5. Paragraphs 1-4 are incorporated into this count by reference.

6. ADC is the owner of the entire right, title and interest in and to United States Patent No. 6,120,330 ("the '330 patent") which duly and legally issued to ADC on September 19, 2000.

7. ADC has satisfied the notice and/or marking provisions of 35 U.S.C. § 287.

8. Defendant CS makes and sells jack products that are covered by the '330 patent, and by its actions relating to such jack products including the sale and manufacture thereof, Defendant CS has infringed and continues to infringe the '330 patent.

9. Defendant CS was aware of the '330 patent at least as early as January 2005. Despite having knowledge of the '330 patent, Defendant CS has infringed the '330 patent and such infringement is willful.

10. ADC has been damaged by Defendant CS's infringement of the '330 patent and will continue to be damaged in the future unless Defendant CS is enjoined from infringing the '330 patent.

## Count II
### Claim for Patent Infringement of U.S. Patent No. 6,234,836

11. Paragraphs 1-4 are incorporated into this count by reference.

12. ADC is the owner of the entire right, title and interest in and to United States Patent No. 6,234,836 ("the '836 patent") which duly and legally issued to ADC on May 22, 2001.

13. ADC has satisfied the notice and/or marking provisions of 35 U.S.C. § 287.

14. Defendant CS makes and sells jack products that are covered by the '836 patent, and by its actions relating to such jack products including the sale and manufacture thereof, Defendant CS has infringed and continues to infringe the '836 patent.

15. Defendant CS was aware of the '836 patent at least as early as March 2005. Despite having knowledge of the '836 patent, Defendant CS has infringed the '836 patent and such infringement is willful.

16. ADC has been damaged by Defendant CS's infringement of the '836 patent and will continue to be damaged in the future unless Defendant CS is enjoined from infringing the '836 patent.

## Count III
### Claim for Patent Infringement of U.S. Patent No. 6,524,131

17. Paragraphs 1-4 are incorporated into this count by reference.

18. ADC is the owner of the entire right, title and interest in and to United States Patent No. 6,524,131 ("the '131 patent") which duly and legally issued to ADC on February 25, 2003.

19. ADC has satisfied the notice and/or marking provisions of 35 U.S.C. § 287.

20. Defendant CS makes and sells jack products that are covered by the '131 patent, and by its actions relating to such jack products including the sale and manufacture thereof, Defendant CS has infringed and continues to infringe the '131 patent.

21. Defendant CS was aware of the '131 patent at least as early as March 2005. Despite having knowledge of the '131 patent, Defendant CS has infringed the '131 patent and such infringement is willful.

22. ADC has been damaged by Defendant CS's infringement of the '131 patent and will continue to be damaged in the future unless Defendant CS is enjoined from infringing the '131 patent.

## Count IV
### Claim for Patent Infringement of U.S. Patent No. 6,554,653

23. Paragraphs 1-4 are incorporated into this count by reference.

24. ADC is the owner of the entire right, title and interest in and to United States Patent No. 6,554,653 ("the '653 patent") which duly and legally issued to ADC on April 29, 2003.

25. ADC has satisfied the notice and/or marking provisions of 35 U.S.C. § 287.

26. Defendant CS, by its actions relating to its manufacture and sale of certain jack products, has infringed and continues to infringe the '653 patent.

27. Defendant CS was aware of the '653 patent at least as early as March 2005. Despite having knowledge of the '653 patent, Defendant CS has infringed the '653 patent and such infringement is willful.

28. ADC has been damaged by Defendant CS's infringement of the '653 patent and will continue to be damaged in the future unless Defendant CS is enjoined from infringing the '653 patent.

### Count V
### Claim for Patent Infringement of U.S. Patent No. 6,916,199

29. Paragraphs 1-4 are incorporated into this count by reference.

30. ADC is the owner of the entire right, title and interest in and to United States Patent No. 6,916,199 ("the '199 patent") which duly and legally issued to ADC on July 12, 2005.

31. ADC has satisfied the notice and/or marking provisions of 35 U.S.C. § 287.

32. Defendant CS makes and sells panel products that are covered by the '199 patent, and by its actions relating to such products including the sale and manufacture thereof, Defendant CS has infringed and continues to infringe the '199 patent.

33. Defendant CS was aware of the '199 patent at least as early as July 2005. Despite having knowledge of the '199 patent, Defendant CS has infringed the '199 patent and such infringement is willful.

34. ADC has been damaged by Defendant CS's infringement of the '199 patent and will continue to be damaged in the future unless Defendant CS is enjoined from infringing the '199 patent.

## Count VI
### Claim for Declaratory Judgment of Invalidity of U.S. Patent No. 5,997,358

35. Paragraphs 1-4 are incorporated into this count by reference.

36. Upon information and belief, Defendant CSP is the record owner of U.S. Patent No. 5,997,358 ("the '358 patent"), and Defendant CS is a licensee under the '358 patent.

37. Defendants have alleged that certain jack products made and sold by Plaintiff ADC infringe the '358 patent.

38. An actual controversy exists between ADC and Defendants as to whether ADC infringes any valid and enforceable claims of the '358 patent.

39. The '358 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## Count VII
### Claim for Declaratory Judgment of Unenforceability of U.S. Patent No. 5,997,358

40. Paragraphs 1-4 and 36-39 are incorporated into this count by reference.

41. Upon information and belief, the '358 patent issued on December 7, 1999 and was assigned to Lucent Technologies, Inc. ("Lucent").

42. Upon information and belief, Lucent assigned the '358 patent to Avaya, Inc. ("Avaya") in 2000.

43. Upon information and belief, Avaya assigned the '358 patent to Defendant CSP in 2004.

44. Defendant CSP acquired the '358 patent subject to the enforcement rights of Avaya.

45. The Telecommunications Industry Association ("TIA") is a trade association that develops industry standards for telecommunications products and systems.

46. The TIA requires its members to disclose the ownership of essential patents and published pending patent applications to the TIA and its members.

47. Upon information belief, Lucent and Avaya were members of the TIA during the development of the TIA Category 6 Cabling Standard.

48. ADC was a member of the TIA during the development of the TIA Category 6 Cabling Standard.

49. Lucent and Avaya had a duty to disclose essential patents and published pending applications to the TIA and its members during the development of the TIA Category 6 Cabling Standard.

50. Lucent and Avaya were aware of the duty to disclose essential patents related to the Category 6 Cabling Standard.

51. Upon information and belief, the TIA approved the Category 6 Cabling Standard in June of 2002.

52. If the '358 patent is interpreted to cover ADC's Category 6 products, the '358 patent is an essential patent for the Category 6 Cabling Standard, and thus Lucent and Avaya had a duty to disclose this patent to the TIA and its members.

53. Neither Lucent nor Avaya disclosed the '358 patent to the TIA or its members prior to June of 2002.

54. ADC relied on the failure of Lucent or Avaya to disclose the '358 patent to the TIA.

55. As a result of misconduct during the standards process and ADC's reliance on this misconduct, the '358 patent is unenforceable against ADC.

## Demand for Relief

ADC respectfully demands the following relief:

a. A judgment that Defendant CS has infringed the '330 patent;

b. A judgment that the infringement of the '330 patent was willful;

c. A permanent injunction enjoining and restraining Defendant CS, its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing the '330 patent;

d. A judgment that Defendant CS has infringed the '836 patent;

e. A judgment that the infringement of the '836 patent was willful;

f. A permanent injunction enjoining and restraining Defendant CS, its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing the '836 patent;

g. A judgment that Defendant CS has infringed the '131 patent;

h. A judgment that the infringement of the '131 patent was willful;

i. A permanent injunction enjoining and restraining Defendant CS, its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing the '131 patent;

j. A judgment that Defendant CS has infringed the '653 patent;

k. A judgment that the infringement of the '653 patent was willful;

l. A permanent injunction enjoining and restraining Defendant CS, its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing the '653 patent;

m. A judgment that Defendant CS has infringed the '199 patent;

n. A judgment that the infringement of the '199 patent was willful;

o. A permanent injunction enjoining and restraining Defendant CS, its officers, directors, agents, servants, employees, attorneys and all others acting under or through it, directly or indirectly, from infringing the '199 patent;

p. A judgment declaring the '358 patent as invalid and unenforceable;

q. A judgment and order requiring Defendants to pay treble damages pursuant to 35 U.S.C. § 284;

r. A judgment and order requiring Defendants to pay the costs of this action, including all disbursements, and attorney fees, if this case is exceptional as provided by 35 U.S.C. § 285; and

s. Such other and further relief that this Court may deem just and equitable.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff ADC Telecommunications, Inc. demands a trial by jury of all issues so triable.

**ADC Telecommunications, Inc.**

By its attorneys,

Dated: November 7, 2005

*[signature]*
Alan G. Carlson (14,801)
Philip P. Caspers (192,569)
Timothy A. Lindquist (245,318)
Dennis C. Bremer (299,182)
Samuel A. Hamer (294,469)
CARLSON, CASPERS, VANDENBURGH
    & LINDQUIST, P.A.
225 South Sixth Street, Suite 3200
Minneapolis, Minnesota 55402
Phone: (612) 436-9600
Fax: (612) 436-9605